George Tilzer, J.
This is an action in common-law negligence brought by an employee and his employer’s compensation insurance carrier against a general contractor.
The construction accident occurred in the City of Philadelphia, Commonwealth of Pennsylvania. The owner had by contract let the steel construction work to Ingalls Steel Construction Company, Inc., which subcontracted it to plaintiff’s employer, Ralph Cornell. It was thereafter that the owner engaged the defendant general contractor and assigned the steel construction contract to it. That assignment was accepted by Ingalls and the work was done by Cornell. It was in the course of that-work that the accident occurred.
Pennsylvania has adopted the doctrine of statutory employer which in certain stated circumstances grants immunity to the general contractor from suits by employees of subcontractors at common law resting on negligence. The plaintiff did accept compensation and neither he nor the defendant rejected application of the compensation act. Claiming immunity by reason *788 of the doctrine of statutory employer, defendant has asserted a separate defense based upon the Pennsylvania law. It now moves for summary judgment dismissing the complaint, and the plaintiffs, by separate motion, move for partial summary judgment dismissing the defense.
The drastic change in relationships thus wrought by the Pennsylvania statute, immunizing third parties from suits at common law, and withdrawing from injured employees the rights theretofore enjoyed by them, may of course be altered by contractual arrangements, and thereby revive such relationships, rights and liabilities existing prior to the enactments relied on. It is defendant’s contention that, by the contracts and documents to which reference has been made, it has been placed fully in the position of the owner with respect to its contract with Ingalls, in the same manner as if the owner had initially contracted with the defendant as a general contractor, and it subsequently had subcontracted the steel construction work to Ingalls. It is plaintiffs’ contention that no such substitution occurred, that Ingalls remained the statutory employer of the individual plaintiff, and that the defendant had not attained that position.
In the final analysis, determination rests upon what those contracts and documents did. In that connection, plaintiffs urge that defendant had nothing to do with the steel construction. That is true to the extent that the work was not done by defendant; but the inquiry is rather whether defendant under all the circumstances had undertaken with the owner to have it done, and was responsible for its performance. Plaintiffs say that under its contract with the owner the defendant was simply to receive from the owner a sum substantially identical with the price fixed in the owner’s contract with Ingalls, and in addition thereto a fee of $15,000 “ for handling structural steel ”. Yet the contract with the defendant required it to do the complete job. This is not in essence denied, nor the fact that the contract for steel construction was first made only because the owner had not yet selected a general contractor, and when it did so, the steel construction job was assigned to the defendant, and the assignment accepted by all parties. In addition, the owner agreed with the defendant to pay for the satisfactory performance of the work, including the steel construction, which was of course included at the price for which the owner had already become obligated. It was the passing of that obligation to the defendant which Ingalls accepted by approving the assignment of the owner’s contract ■ with it. Thus, Ingalls became the subcontractor of the defendant, and *789 was engaged in the same business as the defendant, the construction business. It is the responsibility for performance that is the test. Indeed, it is plaintiffs’ position as stated by them, that it was defendant’s interest to see that the desired result, the erection of structural steel in accordance with specifications, was properly done. This is so even if defendant does not regularly erect steel but does as part of its business contract to construct buildings in their entirety, such as the building here constructed for the owner. The injured plaintiff as an employee of the subcontractor Ingalls was engaged in the performance of a part of the defendant’s regular business (Pennsylvania Workmen’s Compensation Act, § 302, subd. [b] [now § 462]). The statutory relationship being in existence', the plaintiff employee was relegated to the provisions of the compensation act for redress.
The motion for summary judgment dismissing the complaint is granted and the motion for partial summary judgment dismissing the defense is denied.